IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD A. MIGHTY, | ) | CASE NO. 4:20-CV-2188 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| MARK K. WILLIAMS, | ) | JONATHAN D. GREENBERG |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | **(Doc. Nos. 1, 4, 8 & 9)** |

This matter is before the undersigned pursuant to Local Rule 72.2. Before the Court is the Petition of Edward A. Mighty ("Mighty" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), the Answer/Return of Writ (Doc. No. 6), and Petitioner's Response (Doc. No. 7). Petitioner has also filed two unopposed motions to supplement the record. (Doc. Nos. 8 & 9.) Mighty is being held in custody at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"). For the following reasons, the unopposed motions to supplement the record are GRANTED, and the undersigned recommends that the Petition be DISMISSED.

**I. Background**

Mighty is an inmate at FCI Elkton. (Doc. No. 1 at 1.) On September 28, 2020, he filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 asserting a violation of his Eighth Amendment protection from cruel and unusual punishment based on his medical conditions combined with the alleged "extraordinary and compelling circumstances" of the COVID-19 pandemic. (*Id.*) Mighty asserts that he is at heightened risk from COVID-19 due to an enlarged heart and hypertension, and also suffers from anxiety. (*Id*.) He argues that confining him in any Federal Bureau of Prison ("BOP") facility during the COVID-19 pandemic subjects him to cruel and unusual punishment and that he is therefore entitled to alternative confinement such as "home confinement," "furlough," "non-transfer furlough,"[1] "RRC[2] placement," or "any other relief this court deems appropriate." (*Id*. at 1-2.)

**II. Law and Analysis**

**A.    Motions to Supplement the Record**

Mighty made three motions to supplement the record with materials he asserts are relevant to his Petition. First, he seeks to add to the record an article authored by Sarah Toy entitled "Covid's Heart Damage is Shown to Linger." The source and date of this article are not noted. (Doc. No. 4.) Second, he seeks to add to the record a letter from another inmate at FCI Elkton who resides in the same unit as Mighty, and was infected by COVID-19. (Doc. No. 8 at 1.) Mighty asserts this letter demonstrates that FCI Elkton officials are taking inadequate measures to contain

---

[1] According to Code of Federal Regulations, § 570.32, a "furlough is an authorized absence from an institution by an inmate who is not under escort of a staff member, U.S. Marshal, or state or federal agents."

[2] The Court understands this acronym to reference a Residential Reentry Center.

COVID-19. (*Id*.) Third, he seeks to add to the record the docket sheet from *U.S.A. v. Mighty*, Case No. 6:15-cv-6109 in the U.S. District Court for the Western District of New York, and correspondence from his counsel to the Hon. Marian Payson, a United States Magistrate Judge in that court. (Doc. No. 9-1.)

Respondent does not oppose inclusion of any of these documents in the record, and therefore Petitioner's request is GRANTED.

**B.    Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The statute [§ 2241] is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (citations omitted). A petition under § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012) (petitioner "may challenge the manner or execution of his sentence under 28 U.S.C. §2241") Because Mighty is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

**C.    Duplicative Petition**

Respondent asserts the Mighty's Petition should be dismissed because it is duplicative of a class action case pending in the Northern District of Ohio: *Wilson v. Williams*, Case No.

4:20-CV-794. (Doc. No. 6 at 2.) He asserts that because Mighty is potentially included in the Subclass in *Wilson*, and his Petition seeks the same remedy as that sought by the *Wilson* class members, it should be dismissed as duplicative of that preexisting litigation. (*Id*.)

In support of this assertion, Respondent cites *Goodman v. Williams*, No. 4:20CV1040, 2020 WL 8082192 (N.D. Ohio Oct. 13, 2020). In that case, the court dismissed a habeas petition that the court found was duplicative of the *Wilson v. Williams* class action. The petitioner in that case, however, was "identified by the BOP as a member of a medically-vulnerable subclass" in *Wilson*. *Id* at *1. Here, Respondent does not assert that Mighty has been identified by the BOP or the court as a subclass member, and therefore it is not clear that the *Wilson* litigation in fact covers his claim.[3] Further, in his second motion to supplement the record, which was unopposed by Respondent, Mighty states that "he was not identified as a member in the subclass that was entitled to injunctive relief" in *Wilson*. (Doc. No. 9 at 1.) The Respondent neither sought leave to file a sur-reply nor responded to Mighty's motion to supplement the record, and therefore Petitioner's assertion that he is not, in fact, an identified member of the subclass is unopposed.

Based on the facts before the court, the undersigned cannot conclude that the Petition in this case is duplicative of the *Wilson v. Williams* class action, because it is not clear that Mighty is included as a class member in that litigation.

**D.     Jurisdiction**

---

[3]     As the Respondent explains, the judge in *Wilson* "directed the BOP to identify inmates who meet the criteria for the Subclass and to evaluate each Subclass member's eligibility for transfer out of FCI Elkton." (Doc. No. 6 at 2.) However, although the Respondent asserts that, based on his alleged medical impairments, Mighty "would be eligible for the Wilson subclass," he does not assert that Mighty has been so identified by the Respondent in *Wilson*. (*Id*.)

Respondent asserts that Mighty cannot properly invoke 28 U.S.C. § 2241 in this case because he does not seek release from BOP custody. (Doc. No. 6 at 3.) He notes that Mighty seeks to be placed on supervised release, furlough, or home confinement. (Doc. No. 6 at 3, citing Doc. No. 1 at 1.) Thus, even if Mighty's Petition were granted, he would remain in BOP custody and would not be released. Respondent asserts that Sixth Circuit precedent establishes that habeas jurisdiction exists under § 2241 only to the extent a petitioner seeks full release from confinement, and asserts that because Mighty does not seek full release, his claim fails as a matter of law. (Doc. No. 6 at 4.)

Mighty responds that he is "pleading to the courts for 'IMMEDIATE RELEASE,'" and "argues strongly that no prison is safe." (Doc. No. 7 at 1, 2.) He does not directly address Respondent's argument that the remedies he seeks do not qualify as full release from BOP custody, and thus his Petition is not cognizable under 28 U.S.C. § 2241. However, he explicitly requests "full relief and immediate release from custody." (*Id*. at 3.) He identifies his mother and cousin as individuals with whom he could reside if the court granted his request for a furlough. (*Id*. at 4.)

Although Mighty is not an identified as a class member in *Wilson v. Williams*, the Sixth Circuit's June 9, 2020 decision in that case is relevant to the issue presented here. In that decision, the Sixth Circuit upheld the district court's conclusion that the claims by inmates "outside [of] the medically-vulnerable subclass" were "conditions of confinement claims not appropriately considered under § 2241" because these petitioners "sought improvement in the conditions at [FCI] Elkton rather than release." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). The Sixth Circuit held that the claims of the medically-vulnerable subclass could proceed only "[t]o the extent petitioners argue the alleged unconstitutional conditions of their confinement can be remedied only by release" *Id.* at 837. The *Wilson* court found that such a claim could proceed in habeas, but only so long as

5

the petitioner "claims that no set of conditions would be constitutionally sufficient." *Id.* at 838. However, the court warned that "because petitioners bring their claims under § 2241, the relief available is circumscribed." *Id.* at 837. To the extent the petitioners sought "relief in the form of improvement of prison conditions or transfer to another facility," their claims were "not properly brought under § 2241." *Id.* However, the Sixth Circuit deemed the trial court's order that the BOP "evaluate each subclass member's eligibility for transfer out of Elkton through any means, including but not limited to compassionate release, parole or community supervision, transfer furlough, or non-transfer furlough," an "appropriate" form of relief "relief consistent with statutory limitations and procedures." *Id.* at 838. It declined to "set forth a comprehensive list of permissible forms of relief," but noted "that the district court's order requiring transfer from Elkton to another BOP facility was not proper under § 2241." *Id.*

The Petition at issue here seeks a court order that Mighty be "released to alternative confinement" such as "home confinement," "furlough," "non-transfer furlough," "RRC placement," or "any other relief this court deems appropriate." (Doc. No. 1 at 1.) Other district courts considering similar petitions and applying the holding of *Wilson* have found that jurisdiction is proper where the Petitioner seeks a furlough or home confinement, as Mighty does here. *See, e.g., Webb v. Jackson*, No. 1:21-CV-58, 2021 WL 222173, at *2 (W.D. Mich. Jan. 22, 2021) (Petitioner seeking a temporary furlough "requests release from custody" and jurisdiction is proper under *Wilson* and § 2241); *Adams v. Jackson*, No. 1:20-CV-1198, 2020 WL 7395634, at *2 (W.D. Mich. Dec. 17, 2020) (same); *Haymore v. Joseph*, No. 3:20CV5518-MCR/MAF, 2020 WL 6587279, at *4 (N.D. Fla. Sept. 21, 2020), *report and recommendation adopted*, No. 3:20CV5518-MCR/MAF, 2020 WL 6581975 (N.D. Fla. Nov. 9, 2020) (cites *Wilson* and asserts that a petitioner seeking home

6

confinement "seeks release from confinement," and jurisdiction under § 2241 "appears appropriate.") Therefore, the Respondent's assertion that no remedy short of "full release" from confinement is permissible under the Sixth Circuit's decision in *Wilson* misstates the holding of that case, which stated that transfers between BOP facilities are impermissible relief under § 2241, but identified furloughs and home confinement as appropriate forms of relief. *Wilson v. Williams*, 961 F.3d at 838.

**E.     Merits**

Respondent asserts that the Sixth Circuit's decision in *Wilson v. Williams* also forecloses Mighty's claim on the merits, because the *Wilson* court held that the staff at FCI Elkton were not deliberately indifferent to the risk presented by COVID-19. (Doc. No. 6 at 4-5.)

Mighty responds that he has additional untreated ailments of a knee injury and dental issues, and asserts these untreated complaints demonstrate "breakdown of the FCI Elkton prison system." (Doc. No. 7 at 2.) He asserts that, as of November 27, 2020, nine FCI Elkton inmates died of COVID-19, and 939 inmates tested positive. (*Id*. at 3.) He also cites cases from other Circuits which note the increased danger of infection in prison settings. (*Id.*)

The Eighth Amendment protects all people from "cruel and unusual punishments." U.S. Const. amend. VIII. The United States Supreme Court explained that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," but a prisoner must demonstrate that prison officials demonstrated both objective and subjective deliberate indifference to a substantial risk of serious harm. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020), *quoting Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). First, the prisoner must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Second, the prisoner must show that a prison official is aware of the "excessive" risk to his health or safety and "disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

As discussed *supra*, in *Wilson v. Williams*, the Sixth Circuit examined the management of the risk created by COVID-19 FCI Elkton in the context of a § 2241 action and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim. *Wilson v. Williams*, 961 F.3d at 844. The Sixth Circuit held that the BOP "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and, therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim. *Id.* at 840. The *Wilson* court acknowledged the BOP's "failure to make robust use of transfer, home confinement, or furlough" for prisoners at Elkton, including medically-vulnerable inmates, and held this did not constitute deliberate indifference within the meaning of the Eighth Amendment "[i]n light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844.

Following *Wilson*, courts in this district have rejected § 2241 actions which assert substantially similar Eighth Amendment violations and seek the same remedies as the petitioners in *Wilson*. Such allegations cannot "allege a colorable claim of deliberate indifference under the Eighth Amendment because the Sixth Circuit has already considered an essential part of Petitioner's claim in a case against the same Respondents named herein   based on the same facts alleged in this Petition   and published an opinion holding that Respondents would likely prevail." *Harden v. Williams*, No. 4:20CV1607, 2021 WL 463274, at *1 (N.D. Ohio Feb. 8, 2021); *see also Mitchell v.*

8

*Williams*, No. 4:20 CV 2086, 2021 WL 211535, at *2 (N.D. Ohio Jan. 20, 2021) ("In light of the Sixth Circuit's decision in *Wilson*, this Petition, which asserts the same claim on similar allegations, lacks merit on its face."); *Friday v. Williams*, No. 4:20-CV-01551, 2020 WL 8474732, at *2 (N.D. Ohio Dec. 7, 2020) (same).

The Petition at issue here asserts nearly-identical claims to those of the medically-vulnerable class members in the *Wilson* litigation. Like the *Wilson* class members, Mighty "challenges the conditions of confinement" at FCI Elkton "due to COVID-19 medical concerns." (Doc. No. 1 at 1.) Because the Sixth Circuit has already considered and rejected the same claim of similar allegations, Mighty's claim, which asserts the same claim against the same defendant on similar allegations, lacks merit on its face. The Sixth Circuit has already considered an essential part of Mighty's claim in a case against the same Respondent named in this case, and published an opinion holding that Respondent would likely prevail. In light of that holding, the Petition at issue here does not allege a colorable claim of deliberate indifference under the Eighth Amendment.

### V. Conclusion

For all the reasons set forth above, Petitioner's motions to expand the record are GRANTED, and it is recommended that the Petition be DISMISSED.

Date:  February 18, 2021  *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v.***

*Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).