UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

EDWARD A. MIGHTY,

        Petitioner,

vs.

MARK K. WILLIAMS,
Warden, FCI Elkton

        Respondent.

------------------------------------------------

CASE NO. 4:20-cv-2188

OPINION AND ORDER
[Resolving Doc. 14]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 28, 2020, Petitioner Edward A. Mighty, an FCI Elkton inmate, brought a *pro se* federal habeas 28 U.S.C. § 2241 petition, arguing that the conditions of his confinement during the COVID-19 pandemic violate the Eighth Amendment's cruel and unusual punishment prohibition.[1] Mighty requests that he be released to home confinement, furlough, non-transfer furlough, or Residential Reentry Center Placement.[2] The Government opposes Mighty's petition.[3] This Court referred the matter to Magistrate Judge Jonathan D. Greenberg.

On February 18, 2021, Magistrate Judge Greenberg issued a Report & Recommendation[4] ("R&R") recommending that this Court deny Petitioner Mighty's § 2241 petition based on the Sixth Circuit's recent decision in *Wilson v. Williams*, which denied a

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 6.
[4] Doc. 11 at 7–9.

Case No. 4:20-cv-2188
Gwin, J.

similar FCI Elkton Eighth Amendment-based petition.[5] On February 19, 2021, Mighty moved to appoint counsel.[6] On March 1, 2021, this Court declined to appoint counsel.[7]

Also on March 1, 2021 Petitioner Mighty submitted his *pro se* objections to the R&R.[8] In his objections, Mighty argued, as the R&R itself acknowledged, that his claim for release from Bureau of Prisons custody was cognizable under 28 U.S.C. § 2241.[9] Mighty did not address the fact that the R&R disposed of his claims on the merits.[10]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of an R&R to which the parties have made an objection.[11] Petitioner Mighty did not object to the R&R's merits findings, waiving a *de novo* review. But even if this Court reviewed the R&R's merits findings *de novo*, it would adopt them.

As the R&R acknowledged, the Sixth Circuit's decision in *Wilson* controls. An Eighth Amendment deliberate indifference claim has both an objective and a subjective component.[12] The former requires a petitioner to show that he is "incarcerated under conditions posing a substantial risk of serious harm."[13] The latter requires a showing that prison officials "know[ ] of and disregard[ ] an excessive risk to inmate health or safety."[14]

---

[5] *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).
[6] Doc. 12.
[7] Doc. 13.
[8] Doc. 14.
[9] *Id.*
[10] *Id.*
[11] 28 U.S.C. § 636(b)(1).
[12] *Wilson*, 961 F.3d at 839–40.
[13] *Id.*
[14] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Case No. 4:20-cv-2188
Gwin, J.

Here, as in *Wilson*, Petitioner Mighty has satisfied the objective component by showing the heightened COVID-19 risk inmates face. But, also as in *Wilson*, Mighty has failed to show that FCI Elkton officials subjectively disregarded inmate COVID-19 risk.

"[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."[15] The Sixth Circuit found in *Wilson* that FCI Elkton officials had made a valiant, though largely unsuccessful, effort to protect inmates and staff from COVID-19, including by

   (1) [I]mplement[ing] measures to screen inmates for the virus;

   (2) [I]solat[ing] and quarantin[ing] inmates who may have contracted the virus;

   (3) [L]imit[ing] inmates' movement from their residential areas and otherwise limit[ing] group gatherings;

   (4) [C]onduct[ing] testing in accordance with CDC guidance; limit[ing] staff and visitors and subject[ing] them to enhanced screening; clean[ing] common areas and giv[ing] inmates disinfectant to clean their cells;

   (5) [P]rovid[ing] inmates continuous access to sinks, water, and soap;

   (6) [E]ducat[ing] staff and inmates about ways to avoid contracting and transmitting the virus; and

   (7) [P]rovid[ing] masks to inmates and various other personal protective equipment to staff.[16]

Further, since the Sixth Circuit decided *Wilson* in June 2020, a COVID-19 vaccine has been developed, and the Bureau of Prisons has begun administering vaccines to its

---

[15] *Wilson*, 961 F.3d at 840.
[16] *Id.* at 840–41.

Case No. 4:20-cv-2188
Gwin, J.

inmates under Centers for Disease Control guidance.[17]  As of March 2, 2021, more than 60,000 vaccine doses have been administered to federal staff and inmates, including more than 23,000 staff and inmates receiving full two-dose COVID-19 vaccines.[18]

Though federal inmates remain in objective danger while COVID-19 circulates in federal prisons, Bureau of Prisons officials' diligent efforts to follow CDC Guidelines and expeditiously vaccinate inmates shows that prison officials have not subjectively disregarded that danger.  Because Petitioner Mighty cannot satisfy the subjective component of an Eighth Amendment claim, the R&R properly recommended that Mighty's 28 U.S.C. § 2241 petition be denied.

Accordingly, the Court **ADOPTS** Magistrate Judge Greenberg's R&R, incorporates it as if fully restated herein, and **DENIES** Petitioner Mighty's § 2241 petition.

IT IS SO ORDERED.

Dated: March 2, 2021            *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[17] Centers for Disease Control and Prevention, *COVID Data Tracker, COVID-19 Vaccinations in the United States*, https://covid.cdc.gov/covid-data-tracker/#vaccinations (last visited Mar. 2, 2021).
[18] *Id.*